IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL SORENSEN,

                Plaintiff,

v.                                                                                        OPINION and ORDER

ANDREW M. SAUL,                                                        20-cv-321-jdp
Commissioner of Social Security,

                Defendant.

---

Plaintiff Michael Sorensen seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding him not disabled under the Social Security Act. After administrative law judge (ALJ) Janet Akers denied Sorensen's application for benefits, Sorensen asked the agency's Appeals Council to review the decision. He supported his request for review with additional evidence regarding his need for a cane, which he said called the ALJ's conclusions about his ability to work into question. The Appeals Council declined his request for review.

In his appeal to this court, Sorensen contends that his additional evidence required the Appeals Council to review the ALJ's decision. The court isn't persuaded that the additional evidence would have affected the ALJ's analysis of Sorensen's application, so it will affirm the commissioner's decision. The oral argument scheduled for March 11, 2021, is canceled.

ANALYSIS

Sorensen filed his application for benefits on December 18, 2015, alleging that he was disabled as of June 19, 2015, by back and leg problems. The ALJ held a hearing on November 8, 2018, after which she determined that Sorensen suffered from two severe impairments:

lumbar disc disease with radiculopathy status post microdiscectomy, and degenerative disc disease of the cervical spine. R. 18.[1] She concluded that Sorensen had the residual functional capacity (RFC) to perform medium work, with restrictions that are not at issue in this appeal. She found that Sorensen wasn't disabled because he was capable of performing past relevant work as a head greenskeeper.

Sorensen asked the Appeals Council to review the ALJ's decision. He supported his request with two new records regarding his need for a cane: a handwritten prescription for a cane and a letter from his treating physician. He contended that the additional evidence would have supported an accommodation in his RFC regarding cane usage. He said that this accommodation would have either entirely precluded him from performing his past relevant work or required vocational expert testimony about whether he could perform his past relevant work with a cane. The Appeals Council denied Sorensen's request for review, stating that the additional evidence "does not show a reasonable probability that it would change the outcome of the decision." R. 2.

Although the court typically reviews the ALJ's decision, a claimant who has provided additional evidence to the Appeals Council may request judicial review of the Appeals Council's decision in some circumstances, depending on the reason the Appeals Council gave for rejecting the evidence. If the Appeals Council rejected the evidence because it was not material, as required by 20 C. F. R. § 404.970, the court may review that conclusion *de novo*. *Stepp v. Colvin*, 795 F.3d 711, 722, 725 (7th Cir. 2015). To determine whether the evidence is material, the court asks whether the evidence "creates a reasonable probability that the Commissioner would

---

[1] Record cites are to the administrative transcript, located at Dkt. 19.

have reached a different conclusion had the evidence been considered." *Id.* at 725 (internal quotation marks omitted). On the other hand, if the Appeals Council concluded that the evidence was material but that the record, supplemented by the new evidence, wouldn't show that the ALJ's decision was contrary to the weight of the evidence, the conclusion is unreviewable. *Id.* at 722.

The language that the Appeals Council used here—that Sorensen's new evidence "does not show a reasonable probability that it would change the outcome of the decision"—doesn't clearly state which type of conclusion the Appeals Council reached. District courts in this circuit have reached differing conclusions regarding whether this or similar language allows judicial review. *See Musonera v. Saul*, 410 F. Supp. 3d 1055, 1060–61 (E.D. Wis. 2019) (collecting cases). As the court noted in *Musonera*, drawing the distinction between the two types of conclusions can be challenging. *Id.* at 1059. But the court doesn't need to decide the question. Even if Sorenson is right that the Appeals Council concluded that Sorensen's evidence wasn't material—which would open the door for review by this court—Sorensen hasn't shown that the Appeals Council erred in declining review.

Sorensen devotes only a single paragraph of his 22-page brief to explaining why the two pieces of new evidence he presented warranted review by the Appeals Council. Dkt. 21, at 20–21. First, he cites a one-page handwritten prescription stating, in full, that Sorensen be prescribed "1 cane [for] lumbar disc disease & radiculopathy." R. 63. Sorensen says, without elaboration, that the prescription "would have lent credibility to [his] need for a cane." Dkt. 21, at 20–21. Second, he cites a letter from his treating physician, Brady Didion. The sole statement in this letter regarding Sorensen's need for a cane is a note that Sorensen "can walk 100 to 200 feet without significant pain. That is why he brought a cane to our clinic today."

3

R. 11. Sorensen says that this statement shows that he was still using the cane that was prescribed to him in 2015.

The problem with Sorensen's additional evidence is that it doesn't add anything of significance to the evidence that the ALJ already considered and discounted regarding Sorensen's need for a cane. Before his administrative appeal, Sorenson relied on the opinion of Gretchen Adam, D.O., a consultative examiner who opined that Sorensen "might need to use a cane for prolonged walking." R. 24. The ALJ didn't specifically address Adam's statement regarding the cane, but the ALJ gave Adam's opinion little weight because it wasn't consistent with Sorensen's treatment records or interpretation of his x-rays, it was based on a single examination, and it was primarily based on his subjective complaints. R. 25.

Sorensen doesn't challenge the ALJ's reasons for discounting Adam's opinion, and the additional evidence he gave the Appeals Council is subject to much of the same criticism. Neither document cites any objective findings to support Sorensen's need for a cane, so the ALJ would likely have concluded that, like Adam's opinion, both documents were based on Sorensen's subjective complaints. And Sorensen doesn't identify any evidence to call into question the ALJ's conclusion that his need for a cane was inconsistent with the objective medical evidence, so the ALJ would have reached the same conclusion regarding the new evidence. Both the prescription and the statement in the letter are brief and conclusory, which would have given the ALJ further reason to reject them both. *See Gildon v. Astrue*, 260 F. App'x 927, 929 (7th Cir. 2008) (ALJ need not accept doctor's opinion that is "brief, conclusory, and inadequately supported by clinical findings") (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)); *see also Burnam v. Astrue*, No. 10 C 5543, 2012 WL 710512, at *11 (N.D. Ill.

Mar. 5, 2012) (upholding ALJ's discounting of "one-sentence statement, written on the doctor's prescription pad" as "conclusory" and "vague").

Sorensen hasn't shown that the Appeals Council erred in declining to review the ALJ's decision based on the new evidence he submitted. The court will deny his motion for summary judgment and affirm the commissioner's decision.

ORDER

IT IS ORDERED that plaintiff Michael Sorensen's motion for summary judgment, Dkt. 21, is DENIED and the administrative decision is AFFIRMED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered March 3, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge